---

## WOODROW v. COOPER et al.

Where in an action of trespass to real property, the defendants denied the trespass and the plaintiff's rightful possession of the premises, and averred title in one of the defendants, which was denied; and where the plaintiff gave in evidence, a lease of the premises from the defendant in whom title was pleaded, and proved that he was in possession of a portion of the same at the time of the trespass, and that the defendants entered, and chopped down and hauled off a number off trees; and that plaintiff was damaged thereby; and where the defendants thereupon moved for a nonsuit, because of the insufficiency of the testimony to convict the defendants, which motion was sustained: *Held*, That the plaintiff was entitled to at least nominal damages, and that the motion to nonsuit the plaintiff, was improperly sustained.

### *Appeal from the Polk District Court.*

THIS suit was to recover damages for an alleged trespass by defendants, on lands in possession of plaintiff, by cutting down trees and hauling the same away. The answer of defendants denies the trespass—denies that plaintiff had the rightful possession of the premises, at the time the trespass

is alleged to have been committed—and pleads title in the premises in Erasmus Cooper, one of defendants. To this there was a replication, denying the answer, and issue joined. On the trial, plaintiff gave in evidence a lease from Erasmus Cooper to plaintiff, and proved that the premises in petition mentioned, on which the trespass is alleged to have been committed, was part of the farm leased; that plaintiff was in possession of a portion of the premises leased, at the time of the trespass; and that during the term of the lease, defendants entered on the premises in petition mentioned, and in possession of the plaintiff, and chopped down and hauled off a number of trees, " and that plaintiff was damaged thereby." This was all the evidence, whereupon defendants moved the court, " to nonsuit the plaintiff, for the insufficiency of the testimony to convict the defendants," which motion was sustained by the court, and judgment rendered for defendants. To which ruling of the court, plaintiff excepted.

No appearance for the appellant.

*J. C. Knapp,* for the appellee.

STOCKTON, J.—The error assigned is, that the District Court sustained defendants' motion to nonsuit the plaintiff, and rendered judgment for defendants. There has been no appearance in this court for the appellant, and the argument on the part of the defendants, has been confined to the question of power in the court to direct a nonsuit. On that point, we do not entertain any doubt. But the question in this case is, whether the power was properly exercised by the District Court? The motion, as appears from the bill of exceptions, was based on the alleged insufficiency of the evidence to convict the defendants. It is shown that defendants entered upon the premises in plaintiff's possession, and cut down and hauled off a number of trees, " whereby plaintiff was damaged." It was proper, we think, for this evidence to have gone to the jury, and to have been passed

upon by them.   If the defence rested on the fact, that one of defendants was the owner of the premises, and had leased the same to plaintiff, and still claimed and exercised the right to cut timber off the land, and that plaintiff was not thereby damaged ; the safer, and more approved course would have been, to have submitted the cause to the decision of the jury, with instructions as to the law, in its application and bearing upon the rights of the parties.   Being as we are, left to conjecture, as to the reasons of the court for ordering the nonsuit, we can only say, that it appears to us, that the plaintiff under the evidence, was entitled to at least nominal damages, and, so judging, we are of opinion, that defendants' motion was improperly sustained.   The judgment of the District Court, will, therefore, be reversed, and cause remanded.